UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SELAH KHONSU EL, a/k/a Lamar James Wilson, Sr., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-488-HAB-SLC |
| STATE OF INDIANA, | |
| Defendants. | |

OPINION AND ORDER

Selah Khonsu El, a prisoner without a lawyer, filed a complaint titled as a "Petitioner's Complaint Pursuant to 42 USCS §§ 1983and 1985, Including Mandamus Request for Prohibition." ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"Seleh Khonsu El, for Khonsu Selah El, XVBRNH, the proper personam of Khonsu Selah El, 4LYFWE00004 by the Orbis Maxim being Lamar James Wilson, Jr., pro rata, tripartite, per se," alleges that trust property was illegally seized. ECF 1 at 2. He "contends the invalidity of the holding (after arrest under the name Lamar James

Wilson[)], of Khonsu Selah El." *Id.* He says the former is an "assumed name certified as property to an 'enterprise entity set' of protected vehicles of the Foreign Sovereign and its International Organizations functionality…" *Id.* He says that "during the course of training, debriefing, and establishment of Enterprise Entity Set [he] was, contrary to state law, accosted by a LaPorte County Indiana Criminal Informant ring which … deliberately manufactured, by provocation, the profile of criminality breaching the civil and domestic peace as a stipulation to interaction with property held by petitioner and perspectively [sic] other likewise affected, constructively, at this point, conspiring an invasive and obstructive invasion of Sovereign Immunities provided by the FSIA (at § 1603(b))…." *Id.* at 2-3. He speaks of his "global intermediary status" and an "Interparliamentary union." *Id.* at 3. He references "the floor of the House of Houses, Kemetic Crest" as "the administrator of the Treaty Body in accordance to the Orbis Maxim…." *Id.* He challenges his arrest and seizure "in each form" and requests a mandate "prohibiting the further encroachment by subversives and state officials into the administrative actions of Khonsu Selah El, and the United States of America" because "[b]oth Selah & Lamar have liens instituted accordingly." *Id.* at 3.
He asks "for the immediate release of Khonsu Selah El; the surrender of all data and documentation held in any conjunction with or attributed to any possible incrimination or disgrace of Khonsu Selah El by use of 'Lamar James Wilson, Sr.' in any state or federally withheld archives, to the House of Anpu within 30 days and sealed the by 22 USCS § 288a(c)." He also seeks monetary damages.

As an initial matter, to the extent the plaintiff is seeking his release from incarceration, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

To the extent he is seeking monetary relief, Khonsu El's complaint consists of concepts commonly espoused by sovereign citizens. Courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity. *See Jones-Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Because Khonsu El's complaint is premised on such theories, it is frivolous and fails to state a claim, and he will not be permitted to proceed.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint is frivolous and does not state a claim upon which relief can be granted.

SO ORDERED on September 25, 2024.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT